**In re Misty JORDAN, Relator.**

**No. 05–12–00240–CV.**

Court of Appeals of Texas, Dallas.

April 3, 2012.

Susan E. Hutchinson, Kern A. Lewis, Wes Dauphinot, Hutchinson, Lewis & Dauphinot, P.C., Grapevine, TX, for Relator.

Daniel N. Ramirez, Stephen Jose Quezada, Houston, TX, for Real Party in Interest.

Before Justices MORRIS, MARTIN RICHTER, and LANG–MIERS.

### OPINION

Opinion by Justice MORRIS.

In this original proceeding, Misty Jordan, as relator, seeks a writ of mandamus after the trial court ordered production of her personal computer's hard drive and

email accounts. We conditionally grant the writ of mandamus.

Relator sued real party in interest Gajekse, Inc., her former employer. In her suit, relator alleged that she was subjected to a sexually hostile work environment and was fired for reporting it. Specifically, relator claimed, among other things, that she saw sexually graphic content on certain computers at Gajekse that was offensive to her. At her deposition, she claimed that she had never viewed pornography before her employment at Gajekse. She also alleged that she submitted two memoranda about the sexually explicit content to her supervisor. She claimed she created the memoranda on her work computer.

The parties exchanged written discovery requests. Gajekse generally requested production of relator's home computer and hard drive. Relator objected, but the trial court nonetheless signed an order compelling relator to allow Gajekse's "forensic computer examiner" to have access to her personal computer for the following purposes: 1) to determine relator's internet history for content of a pornographic or sexual nature from 2009 to present; 2) to examine relator's email accounts to see if any emails with pornographic or sexual content were sent or received from 2009 to present; and 3) to attempt to locate the memoranda relator claimed she prepared on her work computer.

In *In re Weekley Homes, L.P.*, 295 S.W.3d 309 (Tex.2009), the Supreme Court summarized the procedure to be followed when a party seeks production of another party's computer hard drives.[1]

*See id.* at 322. As part of those procedures, the party seeking production must "make a specific request for [the] information and specify the form of production." *Id.* Here, Gajekse's written requests merely asked for the hard drives of relator's computers without informing relator of the exact nature of the information sought.[2] Gajekse also failed to demonstrate "the particular characteristics of the electronic storage devices involved, the familiarity of its experts with those characteristics, or a reasonable likelihood that the proposed search methodology would yield the information sought." *Id.* at 311. In fact, the record before us does not reflect any attempt by Gajekse to explain its search methodology or its expert's credentials.

Moreover, *Weekley* specifically cautioned trial courts to be sensitive to the highly intrusive nature of computer storage search. *Id.* Doing so should lead the trial court to consider, at the very least, a protective order addressing matters that might be revealed, especially where, as here, the person who will perform the search is retained by and under the control of the party seeking the information. There is no information in the record indicating that a protective order was considered, although our record reveals the trial court attempted to restrict the scope of its discovery order by carefully chosen wording.

*In re Weekley Homes* controls here. It binds the parties as well as the trial court. By not observing the procedures elaborated in *Weekley*, the trial court abused its discretion. *See Walker v. Packer*, 827

---

1. *Weekley's* outline of the procedure to be followed arguably assumes, as we do for the purposes of our analysis, that the evidence sought exists. We note, however, that there is little indication in the record before us that the matters described in the trial court's order actually exist. We do not address whether

*Weekley* requires some threshold showing of the actual existence of material stored electronically before a trial court may order an intrusive search.

2. It is not clear why the trial court's order contains the specific description it does.

S.W.2d 833, 840 (Tex.1992) (orig. proceeding). Moreover, relator has no adequate remedy at law in this case because an appellate court will not be able to remedy the trial court's error in ordering an intrusive search without the procedural protections afforded by *Weekley*. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding).

Because of our conclusion above, it is not necessary for us to address relator's argument that real party in interest is attempting to discover irrelevant matters. We, therefore, express no opinion about the relevance of any evidence that might be produced if *In re Weekley Homes* were properly applied in this case.

Relator is entitled to mandamus relief. A writ will issue only in the event the trial court fails to vacate the portion of its January 9, 2012 order that requires relator to produce her personal computer and a list of all email accounts to real party in interest's forensic computer examiner.