

NUMBERS 13-14-00616-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE STATE FARM LLOYDS

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion Per Curiam[1]**

Relator, State Farm Lloyds ("State Farm"), filed a petition for writ of mandamus in the above cause through which it contends that the trial court abused its discretion by ordering the production of discovery in native or near-native formats rather than

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.  When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

"reasonably usable" formats.[2]  Because State Farm failed to meet its burden under the discovery rules to support its objection that it could not produce the discovery through reasonable efforts, we deny relief.

## I. BACKGROUND

Alejos Ramirez and Ofelia Ramirez, the plaintiffs in the underlying cases and real parties in interest herein, sustained property damages to their home caused by a hail storm that occurred on March 29, 2012.  They submitted a claim to State Farm under their homeowner's insurance policy for damages to, inter alia, their home's roof, siding, ceilings, wall, and insulation, and ultimately brought suit against State Farm alleging that State Farm inadequately investigated and estimated their damages.  Their causes of action included fraud, conspiracy to commit fraud, breach of contract, breach of the duty of good faith and fair dealing, and violations of Texas Insurance Code provisions relating to unfair settlement practices and the failure to promptly pay claims.  *See, e.g.*, TEX. INS. CODE ANN. §§ 541.060, 542.056, 542.058 (West, Westlaw through 2015 R.S.).

The real parties' case was transferred to a single multidistrict litigation ("MDL") pretrial court in the 206th District Court of Hidalgo County handling consolidated pretrial proceedings for all insurance coverage cases stemming from two severe hail storms that struck Hidalgo County in 2012.  The MDL pretrial court entered a case management order including a production protocol for electronically stored information ("ESI").[3]

---

[2] This cause arises from trial court cause number C-3828-13-D in the 206th District Court of Hidalgo County, Texas, the Honorable Rose Guerra Reyna presiding.

[3] The MDL pretrial court ultimately adopted the same ESI protocol at issue in this case.  State Farm sought to set aside that ruling in a substantially similar original proceeding in our Court.  We deny that petition for writ of mandamus by a separate memorandum opinion issued this same date.  *See In re State Farm Lloyds*, No. 13-14-00651-CV, 2015 WL ___, at *__ (Tex. App.—Corpus Christi Oct. 28, 2015, orig. proceeding) (mem. op. per curiam).

The MDL pretrial court subsequently remanded the real parties' case to the trial court. The parties met repeatedly and unsuccessfully to attempt to negotiate a protocol for the production of ESI in the remanded case. The real parties ultimately filed a "Motion for the Entry of Production Protocol and Motion to Compel Testimony Regarding Technical Information." State Farm objected to the production of ESI in its "Defendants' Amended Motion for Adoption of State Farm Lloyds' Proposed ESI Protocol, Motion for Protective Order, and Response and Objections to Plaintiffs' Amended Motion for Entry of Production Protocol and Motion to Compel Testimony Regarding Technical Information." As identified in its petition for writ of mandamus, State Farm's objections to the production were incorporated in paragraphs 11 and 17 and state:

11.     Resolution of this dispute is no small matter. Adopting Plaintiffs' proposed ESI protocol language will impose significant burdens on State Farm to develop (test and implement) unique and burdensome processes just for this case. Moreover, adoption of the Plaintiffs' proposed ESI protocol over State Farm's objections (and despite the offer of a more than reasonable alternative) will set a dangerous precedent that Tex. R. Civ. P. 196.4 is no longer the balancing test that requires the court to apply proportionality and reasonableness principles to reach practical production solutions. Indeed, such adoption over objection would effectively gut the protections of TEX. R. CIV. P. 196.4, ignore the mandates of TEX. R. CIV. P. 1, and run afoul of the precedent established by the Texas Supreme Court.

17.     Equally important, Plaintiffs' approach is unsupported under the law. Plaintiffs' Proposed ESI Protocol (and near 100% "native" demand) cannot be ordered unless the court first addresses State Farm's objections and determines that producing in the demanded format is something State Farm can reasonably accomplish. The Texas Legislature did not craft Rule 196.4 as a mandate for native production. Nor does Rule 196.4 demand that all parties adapt to an ever-evolving highest standard regarding form of production. Rather, the history of the rule indicates that it was crafted to measure reasonableness, the most common of all discovery standards. The 1999 Rulemaking History for Rule 196.4 explained that "[u]nless ordered otherwise, the responding party need only produce the data **reasonably** available in the ordinary course of business in

3

reasonably usable form." *Approval of Revisions to the Texas Rules of Civil Procedure*, 61 TEX. B.J. 1140 (emphasis added).[4]

State Farm supported its motion with various items, including an affidavit regarding electronic security from its expert, Timothy M. Opsitnick.

The trial court held an evidentiary hearing on the discovery issues at which various witnesses testified including Opsitnick; Darren Autry, a catastrophe team manager employed by State Farm Fire and Casualty Company; and Craig Ball, the real parties' electronic discovery expert. The trial court granted the real parties' motion to compel. The trial court's "Order Granting Plaintiffs' Amended Motion for Entry of Production Protocol and Motion to Compel Testimony Regarding Technical Information" includes a "Production Protocol," which provides in relevant part:

1. "Information items" as used here encompass individual documents and records (including associated metadata) whether on paper or film, as discrete "files" stored electronically, optically or magnetically or as a record within a database, archive or container file. The term should be read broadly to include e-mail, messaging, word processed documents, digital presentations and spreadsheets.

2. Consistent with Tex. R. Civ. P 196.4, responsive electronically stored information (ESI) shall be produced in its native form; that is, in the form in which the information was customarily created, used and stored by the native application employed by the producing party in the ordinary course of business. The producing party shall not produce in a format not requested and later assert that production as a basis of not producing in the requested format, except upon agreement by the parties prior to production or ordered by the Court. The parties are reminded of their obligation to confer and to make reasonable efforts to resolve disputes regarding production without court intervention. *See In re Weekley Homes. L.P.*, 295 S.W.3d 309 (Tex. 2009); TEX. R. CIV. P. 192.4(b).

3. If it is infeasible to produce an item of responsive ESI in its native form, it may be produced in an agreed-upon near-native form; that is, in a form in which the item can be imported into the native application without a material loss of content, structure or

---

4 We have omitted internal citations and footnotes from the quoted text.

functionality as compared to the native form. Static image production formats serve as near-native alternatives only for information items that are natively static images (i.e., photographs and scans of hard-copy documents).

This original proceeding ensued. By two issues, State Farm contends: (1) Texas Rules of Civil Procedure 196.4 and 192.4 allow for the production of ESI in "reasonably usable forms"; and (2) the trial court clearly abused its discretion by entering an order requiring the production of all ESI in specific formats (e.g., "native") as demanded by real parties and by refusing to allow State Farm to produce ESI in the "reasonably usable" forms it proffered.[5] This Court requested and received a response to the petition from the real parties, and further received a reply thereto from State Farm.

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must demonstrate that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Lee*, 411 S.W.3d 445, 463 (Tex. 2013) (orig. proceeding); *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket,*

---

[5] In a third issue, State Farm contends that the trial court clearly abused its discretion by ordering "discovery on discovery." Real parties argue that this issue is moot because the trial court did not compel the requested testimony or mention it in the order at issue in this proceeding. We agree. Accordingly, we do not address this issue.

*L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the application of simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus may be the proper remedy. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam); *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (per curiam); *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding); *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding); *see, e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding).

### III. DISCOVERY

The Texas Rules of Civil Procedure allow a party to obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, even if it would be inadmissible at trial, as long as the information is reasonably calculated to lead to the discovery of admissible evidence. TEX. R. CIV. P. 192.3(a); *see In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. TEX. R. EVID. 401.

6

The phrase "relevant to the subject matter" is to be "liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 664 (Tex. 2009); *see In re Nat'l Lloyds Ins.* Co., 449 S.W.3d at 488; *In re HEB Grocery Co.*, 375 S.W.3d 497, 500 (Tex. App.—Corpus Christi 2012, orig. proceeding). The comments to Rule 192 state that "[w]hile the scope of discovery is quite broad, it is nevertheless confined by the subject matter of the case and reasonable expectations of obtaining information that will aid resolution of the dispute." TEX. R. CIV. P. 192 cmt. 1; *see also In re CSX Corp.*, 124 S.W.3d at 152 ("Although the scope of discovery is broad, requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution."). Therefore, discovery requests must be reasonably tailored to include only matters relevant to the case. *In re Am. Optical Corp.*, 988 S.W.2d at 713. Further, the discovery rules "explicitly encourage trial courts to limit discovery" under the parameters of the rules. See *In re Alford Chevrolet–Geo*, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding). Under the rules:

> The discovery methods permitted by these rules should be limited by the court if it determines, on motion or on its own initiative and reasonable notice, that:
>
> (a)    the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or
>
> (b)    the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

TEX. R. CIV. P. 192.4(b)); *see In re Alford Chevrolet-Geo*, 997 S.W.2d at 181.

7

"[T]he ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed." *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (per curiam) (quoting *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984) (orig. proceeding)). The scope of discovery rests largely within the discretion of the trial court. *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (per curiam); *In re CSX Corp.*, 124 S.W.3d at 152; *In re Colonial Pipeline Co.*, 968 S.W.2d at 941; *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding); *Ginsberg v. Fifth Ct. of Apps.*, 686 S.W.2d 105, 108 (Tex. 1985) (orig. proceeding).

Accordingly, when considering whether a trial court has clearly abused its discretion with regard to a discovery order, the reviewing court may not substitute its judgment for the judgment of the trial court. *See Walker*, 827 S.W.2d at 839–40. "Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *Id.* at 840. "When a trial judge exercising an otherwise discretionary authority has only one course to follow and one way to decide, however, the discretion vested in the court is for all practical purposes destroyed." *In re Goodyear Tire & Rubber Co.*, 437 S.W.3d 923, 927–28 (Tex. App.—Dallas 2014, orig. proceeding). Thus, when challenging matters ordinarily committed to the broad discretion of the trial court, a relator in a mandamus proceeding must establish that the trial court could reasonably have reached only one decision. *Walker*, 827 S.W.2d at 839–40; *In re VERP Inv., LLC*, 457 S.W.3d 255, 260 (Tex. App.—Dallas 2015, orig. proceeding).

### IV. DISCOVERY IN ELECTRONIC OR MAGNETIC FORMAT

8

Rule 196.4 addresses the procedures that must be followed in seeking the discovery of data or information that exists in electronic or magnetic format. *See* TEX. R. CIV. P. 196.4; *In re VERP Inv., Inc.*, 457 S.W.3d at 260. Rule 196.4 provides:

> To obtain discovery of data or information that exists in electronic or magnetic form, the requesting party must specifically request production of electronic or magnetic data and specify the form in which the requesting party wants it produced. The responding party must produce the electronic or magnetic data that is responsive to the request and is reasonably available to the responding party in its ordinary course of business. If the responding party cannot—through reasonable efforts—retrieve the data or information requested or produce it in the form requested, the responding party must state an objection complying with these rules. If the court orders the responding party to comply with the request, the court must also order that the requesting party pay the reasonable expenses of any extraordinary steps required to retrieve and produce the information.

TEX. R. CIV. P. 196.4; *see In re Harris*, 315 S.W.3d 685, 698 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding). The Texas Supreme Court has held that Rule 196.4 requires a specific request "to ensure that requests for electronic information are clearly understood and disputes avoided." *In re Weekley Homes L.P.*, 295 S.W.3d at 314; *see In re Pinnacle Eng'g, Inc.*, 405 S.W.3d 835, 840 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding); *In re Jordan*, 364 S.W.3d 425, 426 (Tex. App.—Dallas 2012, orig. proceeding).

## V. ANALYSIS

In its first issue, State Farm contends that Texas Rules of Civil Procedure 196.4 and 192.4 allow for the production of ESI in reasonably usable forms. In its second issue, State Farm argues that the trial court abused its discretion in requiring the production of all ESI in a specific format and refusing to allow State Farm to produce ESI in the reasonably usable forms it proffered. State Farm contends that it would have to "undertake efforts that are disproportionate to this matter" in order to design, validate, and

implement processes to produce the specific formats requested for all data sources.  In response, the real parties assert that the trial court's decision to require native or near-native production was supported by ample evidence and testimony.

Under Rule 196.4, the requesting party "must specifically request production [of ESI] and specify the form" in which ESI should be produced.  TEX. R. CIV. P. 196.4. Thereafter, the responding party "must produce the electronic or magnetic data that is reasonably available to the responding party in its ordinary course of business."  *Id.*  If "the responding party cannot—through reasonable efforts . . .  produce [the data] in the form requested, the responding party must state an objection complying with these rules." *Id.*  If the trial court overrules the objection and orders the responding party to comply with the request, Rule 196.4 contains a cost-shifting mechanism that requires the requesting party to pay for "the reasonable expenses of any extraordinary steps required to retrieve and produce the information."  *Id.*

Under the express terms of the Rule 196.4, the real parties are required to specify the form of production for requested ESI, and State Farm has the obligation to either produce the responsive ESI that is reasonably available to it in the ordinary course of business or to object if it cannot produce the ESI in the requested form through "reasonable efforts."  *Id.*  The rule does not offer State Farm the unilateral option to produce ESI in a "reasonably usable" format.  *See id.*  Rather, Rule 196.4 incorporates the same procedure applicable to other forms of discovery—that is, the responding party is required to produce the information in the form requested unless the party serves timely objections or assertions of privilege.  *See id.* R. 193.2, [6] 193.3; *In re CI Host, Inc.*, 92

---

[6] Under Rule 193.2, a party has "a duty" to make "a complete response to written discovery based upon all information reasonably available, subject to objections and privileges."  TEX. R. CIV. P. 192.3 cmt.

10

S.W.3d 514, 516 (Tex. 2002) (orig. proceeding); *In re Fisher & Paykel Appliances, Inc.*, 420 S.W.3d 842, 847 (Tex. App.—Dallas 2014, orig. proceeding [mand. denied]).

In the instant case, the real parties have clearly specified the form for production of ESI as specified by our rules and consistent with federal practice.[7] Further, real parties presented evidence and argument through their pleadings and at the evidentiary hearing on their motion to compel that ESI discovery in native and near-native formats is necessary and is not available from other sources. Specifically, the record contains evidence that the discovery offered by State Farm as "reasonably usable" lacked numerous categories of information regarding State Farm's evaluation of the real parties' claim such as emails, instant messages, captions next to photographs that incorporated the adjuster's evaluations of the real parties' damages, and "Xactanalysis" reports on the claim. Ball, the real parties' expert, testified that production of the ESI in native and near-native format was both easier and cheaper for State Farm than the production of information lacking metadata. Ball further testified that the production of ESI in native and near-native format was necessary because the denatured and downgraded data

---

1. Objections must be made within the time for response and must state specifically the legal and factual basis for the objection and the extent to which the party is refusing to comply. *See id.* R. 192.3(a). "A party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection." *Id.* R. 192.3(b). Objections that are untimely or "obscured by numerous unfounded objections" are waived. *Id.* R. 192.3(e).

[7] When interpreting the Texas rules governing electronic discovery, we may "look to the federal rules for guidance" because our rules are sufficiently similar to the Federal Rules of Civil Procedure. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 317 (Tex. 2009) (orig. proceeding); *In re Waste Mgmt. of Tex., Inc.*, 392 S.W.3d 861, 874 (Tex. App.—Texarkana 2013, orig. proceeding). Under the federal rules, the producing party is only offered a choice between producing data in the form in which it is ordinarily maintained as a native format or producing the data in a reasonably usable form or forms if the requesting party declines to specify a form. *Anderson Living Trust v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 526 (D.N.M. 2014); *see Aguilar v. Immigration & Customs Enforcement Div. of U.S. Dept. of Homeland Sec.*, 255 F.R.D. 350, 355 (S.D.N.Y. 2008) (stating that under Federal Rule 34(b) "a requesting party may specify a form of production and request metadata," and the "responding party then must either produce ESI in the form specified or object").

offered by State Farm as "reasonably usable" was incomplete and lacked essential information.  Ball explained that both State Farm and its defense counsel utilized the ESI data concerning the real parties' claim in native and near-native formats, but offered downgraded information to the real parties for purposes of discovery in the litigation.[8]

As noted by the Texarkana Court of Appeals, there is federal authority that removal of metadata can render documents not "reasonably usable:"

> The rule does not require a party to produce electronically stored information in the form in which it is ordinarily maintained, as long as it is produced in a reasonably usable form. But the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation.

*In re Waste Mgmt. of Tex., Inc.,* 392 S.W.3d 861, 876 (Tex. App.—Texarkana 2013, orig. proceeding); *see* FED. R. CIV. P. 34 (notes of advisory committee to 2006 amendments); *see, e.g., In re Payment Card Interchange Fee & Merch. Disc.*, MD 05-1720(JG)(JO), 2007 WL 121426, at *4 (E.D.N.Y. Jan. 12, 2007) (stating that data ordinarily kept in an electronically searchable form should not be produced in a "reasonably usable" form that removes or significantly degrades this feature); *cf. Aguilar v. Immigration & Customs Enforcement Div. of U.S. Dept. of Homeland Sec.*, 255 F.R.D. 350, 355 (S.D.N.Y. 2008) (citing advisory committee's notes); *Dahl v. Bain Capital Partners, LLC*, 655 F.Supp.2d

---

[8] The Sedona Conference is a nonprofit legal policy research and education organization which has a working group comprised of judges, attorneys, and electronic discovery experts dedicated to resolving electronic document production issues.  *See* Sedona Conference, *The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production* (2d ed. 2007).  According to the Sedona Conference, "[a]bsent party agreement or court order specifying the form or forms of production," the production of ESI should be made in the "form or forms in which the information is ordinarily maintained or in a reasonably usable form."  *See id.*  The Sedona Conference cautions, however, that parties "need to produce reasonably accessible metadata that will enable the receiving party to have the same ability to access, search, and display the information as the producing party where appropriate or necessary in light of the nature of the information and the needs of the case."  *Id.*

146, 150 (D.Mass. 2009) (stating that spreadsheets must be produced in native format to be reasonably usable).

State Farm specifically objected to the production of the requested ESI in the requested forms on grounds that it would be burdensome and the benefit was outweighed by the expense given the needs of the case. Opsitnick testified that State Farm's proposal for ESI protocol "better reflects the standards enunciated by best practices organizations (as well as the Texas Rules of Civil Procedure)." He testified generally that static format production "is customary and appropriate for ESI protocols." He testified that "the facts presented by State Farm" reflect that "information that is reasonably available in the ordinary course of business at State Farm" is "often" not in native or near-native formats. According to Opsitnick, State Farm relies on centralized information management systems because of the sheer volume of claims and personnel involved, and "[s]ome of those processes necessarily incorporate information from other locations and sources into secure, read-only formats for data integrity and access." Opsitnick testified that "[r]equiring State Farm to track down 'native' files created by the initial applications for information that is readily available through systems . . . is an undue burden without a corresponding benefit." According to Opsitnick, the requested ESI production is "extraordinary and unnecessary in light of the way in which relevant information is stored, identified and retrieved within databases or applications at State Farm"; and requiring State Farm "to develop or devise (as well as test) new methods of collecting and handling all requested information in 'native' or 'near-native' file types is burdensome and does not make sense."

We first note that a party's failure to comply with a discovery request is not excused because the request is burdensome; it is only an "undue burden" that warrants nonproduction. *In re Waste Mgmt. of Tex., Inc.*, 392 S.W.3d at 875; *In re Energas Co.*, 63 S.W.3d 50, 55 (Tex. App.—Amarillo 2001, orig. proceeding); *ISK Biotech Corp. v. Lindsay*, 933 S.W.2d 565, 568 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding); *see Alford Chevrolet–Geo*, 997 S.W.2d at 181 (requiring demonstration of undue burden or harassment). Further, the party resisting discovery cannot simply make conclusory[9] allegations that the requested discovery is unduly burdensome, rather, a party resisting discovery must produce some evidence supporting its claim of undue burden. *Alford Chevrolet–Geo*, 997 S.W.2d at 181; *In re Energas Co.*, 63 S.W.3d at 55. Moreover, a discovery request will not result in an undue burden when the burden of responding to it is the result of the responding party's own "conscious, discretionary decisions." *ISK Biotech Corp.*, 933 S.W.2d at 569; *see In re Waste Mgmt. of Tex., Inc.*, 392 S.W.3d at 875–76; *In re Whiteley*, 79 S.W.3d 729, 734–35 (Tex. App.—Corpus Christi 2002, orig. proceeding).

Other than the testimony previously referenced and similar testimony, State Farm produced no evidence regarding the alleged burdensomeness of producing the requested ESI in native and near-native formats. The foregoing testimony regarding the alleged burden to State Farm is conclusory. *See Alford Chevrolet–Geo*, 997 S.W.2d at 181; *In re Energas Co.*, 63 S.W.3d at 55. Specifically, State Farm did not provide the trial court

---

[9] A "conclusory" statement is one which expresses a factual inference without stating the underlying facts on which the inference is based. *See Arkoma Basin Exploration Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008) (citing BLACK'S LAW DICTIONARY 308 (8th ed. 2004)); *see also LeBlanc v. Lamar State Coll.*, 232 S.W.3d 294, 301 (Tex. App.—Beaumont 2007, no pet.) ("Statements are conclusory if they fail to provide underlying facts to support their conclusions.").

with any evidence regarding the estimated cost or expense of producing the ESI data in the requested forms, any evidence regarding the time that it would take to produce the ESI data in the requested forms, or any other estimate of the "reasonable expenses of any extraordinary steps required to retrieve and produce the information." *See* TEX. R. CIV. P. 196.4. Without such evidence, the trial court had no data with which to conclude that the burden or expense of the proposed discovery outweighs its likely benefit. *See id.* R. 192.4(b)); *In re Alford Chevrolet-Geo*, 997 S.W.2d at 181. We note, in this regard, that the record indicates that State Farm already produces ESI in the requested forms to its counsel. Under such circumstances, the trial court may have inferred that the production of ESI in the requested formats to real parties would not be unduly burdensome.

Accordingly, the trial court acted within its discretion in determining that the discovery was not unduly burdensome or that the burden or expense of the discovery outweighed its likely benefit.

## VI. CONCLUSION

Having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, we conclude that mandamus relief is not warranted in this case. Accordingly, we LIFT the stay previously imposed by this Court and we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(d).

PER CURIAM

Delivered and filed the
28th day of October, 2015.

15