**GRANT; and Opinion Filed December 2, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01446-CV

### IN RE ARPIN AMERICA MOVING SYSTEMS, LLC, Relator

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-12-06104-A**

## OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

Relator Arpin America Moving Systems, LLC filed this petition for writ of mandamus after the trial court ordered it to produce a corporate representative to provide testimony on two topics specified in a deposition notice. In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.3d 833, 839–40 (Tex. 1992) (orig. proceeding). Relator has met this burden.

Real parties in interest Mr. and Mrs. Greg Margosian filed this lawsuit against relator alleging negligence and deceptive trade practices arising from relator's packing of the Margosians' household goods for a move from Texas to the United Arab Emirates. Real parties in interest seek compensatory and exemplary damages.

Real parties in interest served relator with a notice for the deposition of relator's corporate representative. The notice included a request for testimony on specific topics. The two requests at issue are request 7(I) and request 15:

> 7) With regard to defendant Arpin, and for the time period from January 1, 2009, to the present: . . .
>
> > I) what were its gross, total, revenues [collections, in U S Dollars] for calendar years 2009, 2010, 2011, 2012, and 2013; . . . .
>
> 15) The various documents and tangible items produced by Arpin in response to Plaintiffs's various Requests for Production, and identification of each (and every) of those documents and tangible items, and pertinent information to explain what each (and every) one of them is, and why each was produced, and how each relates to Arpin, and how each relates to Plaintiffs, and how each relates to Plaintiffs's claims, and how each relates to Arpin's pleadings or alleged defenses in this case.

Relator filed objections to these requests. After a hearing, the trial court overruled the objections by written order dated October 7, 2013. Relator filed this petition for mandamus.

Because real parties in interest seek exemplary damages, they are entitled to discovery of relator's current net worth. *See In re Islamorada Fish Co. Tex. L.L.C.*, 319 S.W.3d 908, 912 (Tex. App.—Dallas 2010, orig. proceeding). But request 7(I) is much broader, seeking relator's "gross, total, revenues" for a five-year period beginning in 2009. This request is overbroad, and the trial court should not have overruled relator's objections to it. *See, e.g., In re Ameriplan Corp.*, No. 05-09-01407-CV, 2010 WL 22825, at *1 (Tex. App.—Dallas, Jan. 6, 2010, orig. proceeding) (mem. op.) (real party in interest was not entitled to documents that do not show current net worth of relator, including income statements and old balance sheets); *In re House of Yahweh*, 266 S.W.3d 668, 673 (Tex. App.—Eastland 2008, orig. proceeding) (trial court abused its discretion by failing to limit net worth discovery to relators' current balance sheet because earlier balance sheets would not be relevant to relators' current net worth).

As to request 15, discovery regarding the methods of document collection and production invades the work-product privilege. *In re Exxon Corp.*, 208 S.W.3d 70, 76 (Tex. App.—Beaumont 2006, orig. proceeding). In *Exxon*, the plaintiffs sought "to depose an Exxon representative for the purpose of inquiring specifically into the process by which Exxon's representative responded to the requests for production." *Id.* at 75. The court concluded that this request "necessarily and almost exclusively concerns the 'mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives'" subject to protection as work product under Rule 192.5, Texas Rules of Civil Procedure. *Id.*

In their response, real parties in interest contend that cases regarding document production are not applicable because the discovery method at issue is a deposition notice. But rules regarding the scope of discovery apply regardless of the discovery method. *See, e.g., K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) ("We reject the notion that any discovery device can be used to 'fish'."). Real parties in interest also contend that relators failed to introduce any evidence at the hearing on their objections. But relators were not required to introduce evidence at the hearing when their arguments were questions of law. *See In re Union Pac. Res. Co.*, 22 S.W.3d 338, 341 (Tex. 1999) (orig. proceeding) (evidence not necessary to determine discoverability of settlement agreement). Finally, real parties in interest contend that because we denied an earlier petition for writ of mandamus filed by relator for lack of proper certification under Rule 52.3(j), Texas Rules of Appellate Procedure, relator is precluded from filing a new petition complaining of the same trial court order. We disagree. *See, e.g., In re AIU Ins. Co.*, 148 S.W.3d 109, 199 (Tex. 2004) (orig. proceeding) ("failure to grant a petition for writ of mandamus is not an adjudication of, nor even a comment on, the merits of a case in any respect, including whether mandamus relief was available").

When a trial court orders discovery that exceeds that permitted by the rules of procedure, it abuses its discretion and the resisting party has no adequate remedy by appeal. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

Accordingly, we conditionally grant the relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its "Order of the Court Regarding Defendant's Objections to Plaintiffs' Notice of Deposition of Corporate Representative of Defendant Arpin America Moving Systems, LLC and Motion for Protection" dated October 7, 2013, as to items 7(I) and 15 of the notice, and to render an order granting relator's objections to items 7(I) and 15.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

131446F.P05

–4–