**CONDITIONALLY GRANT; and Opinion Filed February 17, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00023-CV

### IN RE VERP INVESTMENT, LLC, Relator

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-03874**

## OPINION

Before Justices Lang, Fillmore, and Brown
Opinion by Justice Brown

In this mandamus proceeding relator, VERP Investment LLC, seeks relief from the trial court's order compelling VERP to turn over its computer hard drive to a third-party forensic examiner for mirror imaging of the accounting software and supporting data related to invoices prepared for certain leases to which VERP and real party in interest, Lan Hung Nguyen, are parties. We conditionally grant the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

VERP is the landlord with respect to three commercial properties leased by Nguyen. In December 2013, VERP changed the locks on the properties because Nguyen had purportedly failed to pay rent for a period of ten months. Nguyen filed suit for wrongful lockout, breach of contract, conversion, money had and received, tortious interference with contract, breach of fiduciary duty, accounting, common law fraud, real estate fraud, and civil conspiracy and sought a temporary injunction "to restrain defendants from preventing [Nguyen] from access to [his]

[personal property] and use of the [leased premises]." Nguyen contended that he had received no invoices for the majority of the time he leased the premises and no accounting of various sums he alleges VERP received from others for after-hours use of the premises that Nguyen maintains were to be applied to the balance owed under the leases. In conjunction with his suit, Nguyen sought, among other things, an accounting of these sums he believes VERP incorrectly failed to apply to the balance owed on the leases.

Nguyen served requests for production of documents. At issue in this petition for writ of mandamus is the second request for production of documents in which Nguyen requested "the electronic information related to the generation of invoices . . . including the electronic information related to the accounting/software program used by the company for its accounting purposes," "all electronic data related to the generation of such invoices," "the accounting software/program utilized to generate the invoices," "all electronic data files related to such invoices," and "a forensic copy of the computer hard drive from the computer(s) used to generate the invoices." VERP objected to each request on a variety of bases including on the grounds that the request was burdensome and that the information requested could be obtained "through more appropriate means." VERP produced no responsive documents at the time it objected to the request for production, although by the time it filed its motion for reconsideration it asserted it had produced "more than 400" documents.

Nguyen moved to compel. Nguyen did not attempt to defend the propriety of his requests for production but rather argued only "[p]ursuant to Rule 215, defendant's refusal to comply with plaintiff's discovery requests is grounds for this Court to enter an Order compelling defendant VERP to respond as required." The trial court held two non-evidentiary hearings,[1] one

---

[1] The trial court's order states it was based on "the moving papers," argument of counsel, and evidence, which established good cause for the order. Based on this recitation, we denied a previous petition for writ of mandamus filed by VERP because VERP had failed to provide the reporter's records from the hearings and, in the absence of the reporter's record, we must presume the evidence supports the trial court's order. *In*

–2–

on Nguyen's motion to compel and one on VERP's motion for rehearing after the court initially granted the motion. The trial court ordered VERP to permit a forensic examiner agreed to by the parties "to make a 'mirror image' of the accounting software. . . and its supporting data on the Defendant's computer hard drive, the computer hard drive, and all electronic data (including the accounting) on invoices prepared for [the leased properties] between June 1, 2013 and January 31, 2014. . . ." The court's order required the parties to confer and attempt to reach agreement on search terms prior to production of the computer by VERP to the forensic examiner. It required the forensic examiner to produce a report upon the completion of his review "setting forth his/her findings and conclusions." The order prohibited the forensic examiner from disclosing "the substance of any of the files or documents identified" by the review, but rather required the examiner to provide "a description of such files in the form of a log that should include file or documents, name, date of creation, date of last access, author and recipient."[2]

## APPROPRIATENESS OF MANDAMUS REVIEW

Mandamus is an extraordinary remedy that is available only in limited circumstances. *CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding) (citing *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Mandamus relief is available when the trial court abuses its discretion and there is no adequate remedy by appeal. *In re Deere & Co.* 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam).

---

*re VERP Inv., LLC*, No. 05-14-01403-CV, 2014 WL 7476501, at *1 (Tex. App.—Dallas Dec. 31, 2014, orig. proceeding) (mem. op.) ("Here, the failure to provide a transcript of the evidence presented at the hearings or a statement no testimony was adduced at the hearings is fatal to VERP's complaint the trial court improperly ordered direct access to VERP's computer hard drive.").

    Contrary to the recitation in the trial court's order, VERP's current petition for writ of mandamus demonstrates that there was no evidence of any kind before the trial court – either in the form of testimony adduced at either of the hearings, evidence introduced at the hearings or properly authenticated, admissible evidence attached as exhibits to the pleadings filed in connection with the discovery dispute. In this petition for writ of mandamus, VERP has stated, as required in the absence of a reporter's record, that no testimony was adduced at either hearing. VERP has nonetheless included the reporter's record from the hearing on the motion for reconsideration in the mandamus record. That reporter's record includes only argument. VERP has not included the reporter's record from the hearing on the motion to compel in the mandamus record. Because no evidence was adduced at either hearing, a reporter's record for either hearing is not a necessary component of the mandamus record for this new mandamus. TEX. R. APP. P. 52.7(a)(2) (requiring relator to file with the petition in an original proceeding "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.").

    [2] The court's order further specified that "[f]iles or documents that do not relate to the documents, ESI [electronically stored information], files or data or information described [in the order] should not be identified in the report."

What constitutes an adequate remedy by appeal has no comprehensive definition. *See In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam) (citing *In re Prudential,* 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)). Determining whether a party has an adequate remedy by appeal requires a "careful balance of jurisprudential considerations" that "implicate both public and private interests." *See id.* (quoting *In re Prudential,* 148 S.W.3d at 136). "When the benefits [of mandamus review] outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate." *Id.* (quoting *In re Prudential,* 148 S.W.3d at 136). An appeal is inadequate when the parties are in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding) (per curiam). "Such a danger arises when the appellate court would not be able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made part of the appellate record." *Id.* "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *In re Dana Corp.,* 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding). For this reason an order compelling discovery that is "well outside the proper bounds" is reviewable by mandamus. *See In re Weekley Homes, L.P.,* 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding); *In re Am. Optical Corp.,* 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). Failure of the trial court to observe the electronic discovery procedures explicated in the supreme court's seminal *In re Weekley Homes* decision is an abuse of discretion. *In re Jordan,* 364 S.W.3d 425, 426 (Tex. App.—Dallas 2012, orig. proceeding). Thus, an appellate court may grant mandamus when a trial court improperly allows direct access to an opponent's electronic storage devices and thereby permits excessively broad discovery.

STANDARD OF REVIEW

"[T]he ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed." *In re Colonial Pipeline Co.,* 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (per curiam) (quoting *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex. 1984) (orig. proceeding)). The scope of discovery largely rests within the discretion of the trial court. *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105, 108 (Tex. 1985) (orig. proceeding). For that reason, in considering whether a trial court has clearly abused its discretion with regard to a discovery order, the reviewing court may not substitute its judgment for the judgment of the trial court. *See Walker,* 827 S.W.2d at 839–40. "Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *Id.* at 840. When a trial judge exercising an otherwise discretionary authority has only one course to follow and one way to decide, however, the discretion vested in the court is for all practical purposes destroyed. *In re Goodyear Tire & Rubber Co.*, 437 S.W.3d 923, 927–28 (Tex. App.—Dallas 2014, orig. proceeding) (citing *Jones v. Strayhorn,* 321 S.W.2d 290, 295 (Tex. 1959)). Thus, when challenging matters ordinarily committed to the broad discretion of the trial court, a relator in a mandamus proceeding must establish that the trial court could reasonably have reached only one decision. *Walker*, 827 S.W.2d at 839–40.

## PROCEDURES FOR OBTAINING DISCOVERY IN ELECTRONIC FORMAT

Rule 196.4 of the Texas Rules of Civil Procedure addresses the procedures that must be followed in seeking the discovery of data or information in electronic or magnetic format. The Texas Supreme Court provided a comprehensive analysis of those procedures in its opinion in *In re Weekley Homes, L.P.*, so we do not review all the procedures in detail here. Instead, we turn directly to the question of whether Nguyen is entitled to forensic imaging of relator's computer.

Nguyen first argues that VERP is not entitled to the procedural protections afforded by the rules of civil procedure and the supreme court's decision in *In re Weekley Homes* because VERP waived these protections by failing to articulate appropriately specific objections to the request for production of electronic data and failing to support its objections at the hearing on Nguyen's motion to compel. We disagree.

In its objections to the requests for production, VERP objected to each request on the ground that the request was burdensome and that the information requested could be obtained "through more appropriate means." In its response to Nguyen's motion to compel, VERP elaborated that Nguyen had failed to demonstrate that VERP was "withholding, concealing, or destroying discoverable electronic information," had failed to show that VERP had not adequately produced the requested data and a search of VERP's computer hard drive might recover such material, had failed to show that retrieval of the data sought was feasible, had failed to show a relationship between the hard drive and the claim, and had failed to show the expense of the discovery exceeded its benefit. VERP further argued the discovery was obtainable from a more convenient, less burdensome or expensive source other than VERP's hard drive and that the information sought was not reasonably obtainable because VERP would have to take extraordinary steps to retrieve and produce it. VERP finally pointed out Nguyen had failed to provide any evidence with respect to the familiarity of Nguyen's expert with the characteristics of the device involved and the likelihood that the proposed search methodology would yield the information sought. VERP's objections in the trial court were sufficient to put both Nguyen and the trial court on notice that it challenged any attempt to image its hard drive based on the principles articulated in *In re Weekley Homes.*

An order requiring direct access to an electronic device is burdensome because it is intrusive. As the supreme court has noted, "[p]roviding access to information by ordering

examination of a party's electronic storage device is particularly intrusive and should be generally discouraged, just as permitting open access to a party's file cabinets for general perusal would be." *In re Weekley Homes, L.P.,* 295 S.W.3d at 317.[3] The evidentiary requirements imposed by *In re Weekley Homes* on a party requesting direct access to an opponent's electronic device rest on the principle that if a court determines production of electronic data is warranted, as the trial court determined in this case, the least intrusive means of providing relevant, responsive information should be employed. *Id.* at 322. A party from whom discovery is sought is entitled to protection from an unreasonable invasion of personal, constitutional, or property rights. *In re M.*, No. 09-12-00179-CV, 2012 WL 1808236, at *2 (Tex. App.—Beaumont May 17, 2012, orig. proceeding) (mem. op.). For that reason, courts considering requests for direct access to electronic devices must "guard against undue intrusiveness." *Weekley Homes*, 295 S.W.3d at 316; *see also In re M.,* 2012 WL 1808236, at *2. While direct "access [to a party's electronic storage device] might be justified in some circumstances," the rules are "not meant to create a routine right of direct access." *Weekley Homes*, 295 S.W.3d at 316 *(*quoting FED. R. CIV. P. 34 advisory committee's note to the 2006 amendments.).[4] Thus, the evidentiary showing of default in compliance with discovery obligations required by *In re Weekley Homes* before direct access to an electronic device is permitted is a "threshold matter." *Id.* at 317.

---

[3] Nguyen attempts to distinguish *In re Weekley Homes* as a case involving employees' personal computers. *In re Weekley Homes* was not a case involving personal computers but rather involved the hard drives on the individual computers the employees used in the course of their business for Weekley. *In re Weekley Homes*, 295 S.W.3d at 313 (explaining trial court's order arose in response to requesting party's "Motion for Limited Access to [Weekley's] Computers"). We find the attempted distinction unpersuasive.

[4] Nguyen cites *In re Honza*, 242 S.W.3d 578 (Tex. App.—Waco 2008, orig. proceeding [mand. denied]) as a case on point in which the trial court properly ordered direct access to an electronic device. In *In re Honza*, a central issue in the case was when a real estate contract had been modified during the course of the parties' negotiations. *Id.* at 580 & n.3. An early draft differed from the version ultimately executed and the plaintiffs sought to show that a diary entry reflecting work on the contract established the date of modification. *Id.* One of the defendants testified the diary entry related to a different transaction and the plaintiffs sought to use the metadata associated with the two versions of the documents to refute that claim. *Id.* Thus, there was reason to believe the metadata the trial court ordered the forensic expert to search for would yield information illuminating when the document was modified. In contrast, in this case although Nguyen's motion to compel is predicated on the belief the invoices for the property were falsified, there was no evidence in the trial court, not even the interested testimony of Nguyen, which might lend credence to such a belief. Moreover, the trial court's order in *In re Honza* was extremely narrow, allowing a search only for the two documents at issue and ordering that any responsive documents found be delivered to the producing party for a determination of responsiveness to the request. *Id* at 582–83. In addition, the record in the trial court included "extensive testimony" concerning the expert's experience and qualifications for conducting the forensic examination ordered. *Id.* at 583 n.8. *See also In re Weekley Homes,* 295 S.W.3d at 321 (distinguishing *Honza* because "in *Honza* there was extensive testimony from [the forensic] expert about his experience and qualifications before access to the Honzas' computers was ordered").

Here Nguyen did not meet the burden of going forward with evidence. The procedural protections identified in *In re Weekley Homes* require that "the requesting party must show that the responding party has somehow defaulted in its obligation to search its records and produce the requested data," and that "the responding party's production 'has been inadequate and that a search of the opponent's [electronic storage device] could recover . . . relevant materials.'" *Id.* (citing numerous federal cases). *In re Weekley Homes* makes clear the required showing is an evidentiary showing. Mere skepticism or bare allegations that the responding party has failed to comply with its discovery duties are not sufficient to warrant an order requiring direct access to an opposing party's electronic device. *Id.* at 318 (citing numerous federal cases). While the mandamus record suggests that Nguyen may have been concerned that the invoices for rent were falsified in that they were created after the date shown on the invoice, the mandamus record reveals no evidentiary basis for such a suspicion.[5]

Even in cases in which the responding party has been shown to have defaulted on its discovery obligations, direct access to electronic storage devices is not automatic. *In re Pinnacle Eng'g, Inc.*, 405 S.W.3d 835, 844 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding). Once a court has determined that the nature of the case requires direct access to an electronic storage device, if it is not possible for the trial court to describe search protocols with sufficient precision to capture only relevant, non-privileged information, the trial court may order the forensic examination to be performed by an independent third-party forensic analyst. *In re Clark*, 345 S.W.3d 209, 213 (Tex. App.—Beaumont 2011, orig. proceeding). Only a qualified expert should be afforded such access and only when there is some indication that retrieval of the

---

[5] At the hearing on the motion for reconsideration the trial judge stated, Nguyen's "whole deal is he thinks there has been counterfeiting, dummying up, falsifying, whatever you want to call it, backdating, creating-when-they-didn't-exist invoices and he thinks there will be evidence of that on the hard drive." This statement may have been prompted by the claim in Nguyen's response to the motion for reconsideration, "Nguyen needs a copy of the hard drive to determine if the invoices were first produced in 2014 and without the hard drive that information cannot be shown." The mandamus record is devoid of any evidence, even interested testimony, supporting this assertion. There is also no evidence showing why, for instance, an order requiring VERP to produce the metadata associated with the invoices would be insufficient to provide the needed information.

data sought is feasible. *In re Weekley Homes,* 295 S.W.3d at 318 (internal citations and quotations omitted). "The expert's qualifications are of critical importance when access to another party's computer hard drives or similar data storage is sought." *In re Honza*, 242 S.W.3d 578, 583 n.8 (Tex. App.—Waco 2008, orig. proceeding [mand. denied]). Evidence must be presented to show the expert is qualified to perform the search given the particularities of the specific storage devices at issue and that the search methodology would likely allow retrieval of relevant information. *In re Weekley Homes,* 295 S.W.3d at 321. Absent some evidence that the expert is familiar with the particularities of the storage device to be searched, that the expert is qualified to search those devices, and that the proposed methodology for searching the devices is reasonably likely to yield the information sought, an order allowing direct access is not proper. *Id.; In re Jordan,* 364 S.W.3d at 426. A party objecting to direct access to its electronic devices need not directly challenge the qualifications of the forensic expert who will be allowed access to the electronic device. *See In re Weekley Homes*, 295 S.W.3d at 321. Rather, the evidentiary record before the trial court must reflect the experts assigned the task of retrieving the information sought are familiar with the particularities of the electronic device and are qualified to search the device and that the proposed methodology is reasonably likely to yield the information sought.

Here, although VERP had no objection to the qualifications[6] of the forensic consultant chosen to mirror image its hard drive, VERP's response to the motion to compel objected that Nguyen had failed to show that retrieval of the information he sought was feasible. The trial court ordered a:

> [B]it-level review of the computer and all files, both complete and fragmented
> . . . including, but not limited to, files found in allocated space, deleted space,

---

[6] Attached to Nguyen's response to VERP's motion for reconsideration was an unauthenticated curriculum vitae of the proposed expert that was not introduced in evidence at the motion for rehearing.

unallocated space, slack space and system files (including registry files), to determine whether any of the documents, files, data or information described [in the order] are or were contained on the computer.

Nguyen did not put on any evidence demonstrating that the kind of information he sought could be retrieved by the examination ultimately ordered by the trial court and the record is devoid of any attempt by Nguyen to explain this search methodology except for his counsel's explanation that the search would attempt to exclude communications with counsel:

My understanding of how it works is they're going to say what's your attorney's name, the real estate? What's his present attorney's name, what's the name of your firm, who's in it, and they're going to scan everything and look for -- to see when those invoices were dated and were they backdated and then they're going to limit it to those terms that don't involve like [VERP's counsel] -- those e-mails sent to him. But if it's an e-mail between the Defendants, we're going to uncover that if it relates to the invoices during that time period.

The evidentiary record in the trial court thus did not support its order. *Cf. In re Jordan*, 364 S.W.3d at 426.

## CONCLUSION

We conclude the trial court abused its discretion in failing to afford VERP the procedural protections afforded by the Texas Rules of Civil Procedure and *In re Weekley Homes*. We conditionally grant the petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its October 27, 2014 "Order Granting Plaintiff's Motion to Compel."

/Ada Brown/
ADA BROWN
JUSTICE

150023F.P05