**Denied in part, conditionally granted in part, and Opinion Filed April 22, 2020**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01188-CV**

**IN RE BRIAN POTASHNIK, Relator**

**Original Proceeding from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-08-2072-E**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

This original proceeding concerns an order granting a motion to compel post-judgment discovery related to the setting of a supersedeas bond. Relator Brian Potashnik complains of the trial court's September 6, 2019 discovery order compelling him to respond to net-worth discovery and the summary overruling of his objections to the discovery. He contends net-worth discovery is not relevant to his motion to set a lesser bond and that the discovery requests are overbroad. After reviewing the petition, response, reply, and the mandamus record, we conclude relator is entitled to some of the relief requested.

**Background**

On December 17, 2018, real party in interest Jeffrey Carpenter obtained a judgment for $928,020.76 against relator and three other defendants not parties to this petition. In an attempt to supersede the judgment, relator filed an affidavit of net worth and a supersedeas bond pursuant to the procedure set forth in rule of appellate procedure 24.2(c). *See* TEX. R. APP. P. 24.2(c). He alleged his net worth was $429,250, and he posted a supersedeas bond in the amount of $214,625. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(b); TEX. R. APP. P. 24.2(a)(1) (supersedeas bond for money judgment cannot exceed lesser of fifty percent of judgment debtor's current net worth or $25,000,000). After real party in interest filed a contest to relator's affidavit of net worth, relator filed a "Notice of Filing of Supplemental Declaration in Lieu of Affidavit of Net Worth" that provided further detail.

At the hearing on the contest, the trial court allowed real party in interest to conduct net worth related discovery. Rather than respond to the discovery, however, relator filed a "Motion to Set Lesser, Alternative Supersedeas" pursuant to the procedure set forth in rule 24.2(b). *See* TEX. R. APP. P. 24.2(b). In the motion, relator states that it is filed "in lieu of the net worth procedure." The trial court conducted a hearing on relator's motion to set a lower bond. At the conclusion of the hearing, the trial court stated it would not set a lower bond before the net-worth discovery was completed.

After relator refused to answer the discovery, real party in interest filed a motion to compel. The trial court held a hearing and signed an order overruling relator's objections to the requested discovery and granting real party in interest's motion to compel. This petition for writ of mandamus followed.

**Standard of Review**

To be entitled to mandamus relief, the relator must show both that the trial court clearly abused its discretion and that he has no adequate appellate remedy. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly. *Id.*

**Relator's Objections to the Discovery**

In the first two issues, relator asserts the trial court abused its discretion in compelling the net-worth discovery because it is not relevant to his motion to set a lesser bond. Because net-worth discovery is relevant to relator's motion to set a lesser bond and he continued to cite and rely upon his net worth in support of that motion, we conclude he has not shown he is entitled to mandamus relief and deny that portion of his petition.

Having concluded the net-worth discovery is relevant to his motion to set a lesser bond, we turn our attention to relator's third issue complaining of the trial court's summary overruling of his objections to the discovery. Under this issue, he asserts many of the interrogatories and production requests are not relevant to his net worth and/or are overly broad.

### 1.     The Law

Mandamus provides an appropriate remedy when a trial court abuses its discretion with respect to a post-judgment discovery order. *See Beilamowicz v. Cedar Hill Indep. Sch. Dist.*, 136 S.W.3d 718, 723 (Tex. App.—Dallas 2004, pet. denied). A trial court abuses its discretion if it orders discovery that exceeds the parameters allowed by the rules of procedure. *See In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding) (per curiam). Orders compelling compliance with overly broad discovery requests are properly the subject of a petition for writ of mandamus. *See In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding) (per curiam).

The usual rules governing the scope of pre-trial discovery apply to post-judgment discovery. *See* TEX. R. CIV. P. 621a. And, generally, the scope of discovery is within the trial court's discretion. *See Dillard Dep't Stores, Inc. v. Hall,* 909 S.W.2d 491, 492 (Tex. 1995) (per curiam). However, discovery may not be used as a fishing expedition. *See id*. The discovery requested must be reasonably calculated to lead to the discovery of admissible evidence. *See* TEX. R.

CIV. P. 192.3(a). Discovery orders that require document production from an unreasonably long time period are impermissibly overbroad. *See In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam).

Net worth is calculated as the difference between total assets and total liabilities as determined by generally accepted accounting principles. *See G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.). With respect to net-worth discovery, generally, only financial documents pertaining to *current* net worth are relevant. *See* TEX. R. APP. P. 24.2(a)(1); *In re Jacobs*, 300 S.W.3d 35, 44–45 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). In the context of pretrial net-worth discovery, allowed when exemplary damages are sought, financial records are generally restricted to a twelve-month period. *See Jacobs*, 300 S.W.3d at 44–45 (requests for two years' worth of documents too broad); *In re House of Yahweh*, 266 S.W.3d 668, 673 (Tex. App.—Eastland 2008, orig. proceeding) (requests for balance sheets older than current year not reflective of current net worth and too broad); *In re Arpin Am. Moving Sys., LLC*, 416 S.W.3d 927, 929 (Tex. App.—Dallas 2013, orig. proceeding) (same); *In re Ameriplan Corp.*, No. 05-09-01407-CV, 2010 WL 22825, at *1 (Tex. App.—Dallas Jan. 6, 2010, orig. proceeding) (mem. op.) (same). When there is an allegation of fraudulent transfers, however, broader discovery of financial documents may be appropriate to trace the purported moving

of assets and money to deflate net worth. *See In re Williams*, 328 S.W.3d 103, 118–119 (Tex. App.—Corpus Christi 2010, orig. proceeding).

Tax returns are treated differently from other types of financial records. This is because federal income tax returns are considered private and the protection of that privacy is of constitutional importance. *See Maresca v. Marks,* 362 S.W.2d 299, 301 (Tex. 1962). Thus, federal income tax returns are not material if the same information can be obtained from another source. *See In re Sullivan,* 214 S.W.3d 622, 624–25 (Tex. App.—Austin 2006, orig. proceeding). And, unlike other types of financial records, when a party objects to the production of tax returns, the burden shifts to the party seeking the documents to show relevance and materiality. *See id*. at 624.

### 2.    Discussion

At the hearing on the motion to compel, the parties focused their attention on whether net-worth discovery was proper. The parties did not discuss relator's specific objections to the requested discovery. Nor did they discuss allegations of fraud or hiding of assets. Therefore, relevant financial documents are restricted to a one-year period. *See Williams*, 328 S.W.3d at 118–119; *Jacobs*, 300 S.W.3d at 44–45.

The requested discovery consists of sixty-seven interrogatories and thirty requests for production. Relator asserts the trial court abused its discretion by its summary overruling of all of his objections to the discovery. He asserts the

discovery is overbroad in seeking multiple years of information when the inquiry is "current net worth" and some of it is not related to net worth. We agree, in part, with relator.

Interrogatories concerning relator's assets and liabilities seeking information no further back than twelve months are relevant because they form the basis for determining his current net worth. *See Rodgers*, 204 S.W.3d at 840 (net worth is difference between assets and liabilities); *Jacobs*, 300 S.W.3d 44–45 (financial records for net worth purposes generally restricted to twelve-month period); *Yahweh*, 266 S.W.3d at 673 (same). We conclude interrogatory numbers 1–3, 5–12, 16, 17, 20, 22, 25–35, 37, 40, 41, 44, 53, 58, 62, and 64–66 are relevant to relator's current net worth because they relate to his current assets and liabilities and the trial court did not err in overruling his objections to them.

Conversely, we conclude interrogatory numbers 4, 13–15, 18, 19, 21, 23, 24, 36, 38, 39, 42, 43, 45–52, 54–57, 59–61, 63, and 67 are either not relevant to relator's net worth and/or the time frame is too broad in that it exceeds a twelve-month period. *See CSX Corp.*, 124 S.W.3d at 152; *Jacobs*, 300 S.W.3d 44–45; *Yahweh*, 266 S.W.3d at 673; *Rodgers*, 204 S.W.3d at 840. We conclude the trial court abused its discretion in overruling relator's objections to these interrogatories.

Real party in interest also served relator with thirty requests for production. Relator responded to request for production number 24. As to the remainder of the

requests, relator objected to them, in part, as not relevant and overly burdensome. We conclude request for production numbers 21–23 and 25–30 are related to relator's net worth as they concern his currently owned assets and liabilities. The trial court did not abuse its discretion in overruling relator's objections to these requests for production. *See Rodgers*, 204 S.W.3d at 840.

On the other hand, requests for production numbers 1, 2–11, and 13–20 do not relate to relator's *current* net worth because they seek multiple years of documentation. *See Jacobs*, 300 S.W.3d at 44–45. Thus, we conclude the trial court abused its discretion in overruling relator's objections to them.

Request for production number 12 seeks all of relator's federal and state income tax returns for the years 2009 to the present. In addition to the too-broad time frame, as noted above, because relator objected to the discovery of his tax returns, the burden shifted to real party in interest to show that the tax returns are both relevant and material to relator's net worth. *See Sullivan*, 214 S.W.3d at 624. Real party in interest did not respond in writing after relator filed his objections. Moreover, counsel for real party in interest made no mention of the tax returns at the hearing on the motion to compel the net worth discovery. Thus, we conclude real party in interest did not meet his burden to show that the tax returns were relevant and material and the trial court abused its discretion in overruling relator's objection to their production. *See id.*

**Conclusion**

We deny the petition with respect to the order granting real party in interest's motion to compel net worth discovery. We conditionally grant the petition with respect to (1) the request to produce tax returns, (2) the interrogatories and requests for production that do not relate to net worth as outlined above, and (3) the interrogatories and requests for production that seek multiple years of information as outlined above. We direct the trial court to modify its order consistent with this memorandum opinion. The trial court's modified order is due within thirty days of the date of this opinion. The writ will issue only in the event the trial court fails to comply.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

191188f.p05