**CONDITIONALLY GRANT; and Opinion Filed February 2, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00445-CV

## IN RE TERRI COOLEY, Relator

**Original Proceeding from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-19887**

## MEMORANDUM OPINION

Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Schenck

In this original proceeding, relator, Terri Cooley, seeks relief from a portion

of the trial court's June 9, 2021 order requiring her to make certain electronic devices

available for inspection. We issued an order staying the trial court's June 9, 2021

order in this regard and requested a response to the petition. After reviewing the

parties' briefs and the mandamus record, we have determined that Cooley is entitled

to the relief she requests. Accordingly, we conditionally grant the writ.

### BACKGROUND

On December 29, 2018, Cooley, who was 72 years old at the time, suffered a

fall at her home and underwent surgery on her right knee at Methodist Richardson

Medical Center ("Methodist"), the real party in interest. On January 7, 2019, Cooley

was discharged to a nursing facility to begin physical rehabilitation. Upon her admission to the nursing facility, she was advised that she had a pressure injury in the coccyx area (the triangular bone at the base of the spinal column).

Cooley sued Methodist for medical negligence, alleging that her pressure injury was caused by the hospital staff's failure to turn and reposition her during her stay at Methodist. On October 20, 2020, Methodist served written discovery requests consisting of interrogatories and requests for production. Cooley responded to the discovery requests and, in doing so, produced photographs of the pressure injury. Some of the photographs had been taken by Cooley herself, and some had been taken by her housemate Connie Pruett. The photographs included sticky notes containing the dates the photographs were purportedly taken.

Cooley and Pruett were deposed on January 7, 2021. During Cooley's deposition, she was able to identify the photographs as being of her injury during the relevant time period, but she was unable to verify who took the specific photographs and the actual dates on which the photographs were taken. Cooley testified that she assumed the dates on the sticky notes were correct but acknowledged she did not know if the dates were accurate or where the sticky notes came from. Pruett, when deposed, testified that she did not take the photographs identified as exhibits 2 through 16, she took the photographs identified as exhibits 17 through 21, and that she did not write the dates on any of the sticky notes. She further testified that the dates of these photographs would have been "marked by text message or

–2–

something," and that the accompanying text message would have identified the photograph's date.

On February 3, 2021, Methodist served a second request for production, seeking metadata for the photographs to obtain the date the photographs were taken. The request specifically asked for:

> Copies of the electronic data stored, including but not limited to, the metadata on any device in the custody and/or possession of Terri Cooley or Connie Pruett that was used to create, obtain or photograph the pressure injury complained of by Terri Cooley. This request is not asking for copies of photographs but is requesting a copy of the electronic version of each and every photograph that has been produced in this matter to date and the metadata accompanying the same.

On March 4, 2021, Cooley served a response that included a compact disc with electronic files of the photographs. On May 17, 2021, Methodist filed a motion to compel discovery responses claiming, in part, that no metadata had been provided. In response, Cooley asserted she produced the electronic version of every photograph and its corresponding metadata.

The trial court held a non-evidentiary hearing on Methodist's motion to compel on June 3, 2021. At the hearing, Methodist urged that, while numerous photographs had been produced, it did not know who took the photographs or when they were taken. Methodist claimed it needed the metadata to determine when the photographs were taken and asserted that, while Cooley produced a compact disc in response to the request for the metadata, the disc did not contain the necessary metadata. Methodist's counsel showed the court that right-clicking on the

photographs showed a snapshot of some metadata, but it did not show when the photographs were taken. It showed that the photograph was created on March 5, 2021,[1] which was long after Cooley was admitted to the hospital. Counsel indicated that Methodist would be willing to accept that date, except the photograph was used at Cooley's deposition in January 2021, so that creation date could not be accurate. As a result, Methodist argued that it needed the devices used to take the photographs, so that Methodist could obtain the metadata and determine when the photographs were created.

In response, Cooley asserted that she produced the metadata regarding the photographs. Her counsel demonstrated that, upon opening the photograph and then right-clicking on the file info, a highlighted box appears with a check mark inserted that begins with "20190109." According to Cooley's counsel, this meant that the picture was taken on January 9, 2019. The trial court asked Methodist's counsel if he was able to access this feature; he responded "yes," but he did not know if the date was accurate based on the other creation dates contained in the file.

On June 9, 2021, the trial court granted the motion to compel in part. With respect to the request for the electronic devices, the court directed that:

> Plaintiff and any other individual who took the alleged photographs shall make the device(s) used to take the photographs in question available for inspection to determine if metadata exists for the photographs. The inspection shall be carried out within 7 days of the

---

[1] March 5, 2021, was the date Cooley produced the compact disc.

date of the entry of this order and shall be conducted at the offices of counsel for Defendant.

This original proceeding followed.

## AVAILABILITY OF MANDAMUS RELIEF

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Mandamus relief is available when the trial court abuses its discretion and there is no adequate remedy by appeal. *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam).

Mandamus relief is available when the trial court compels production beyond the permissible bounds of discovery. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding) (per curiam) (no adequate appellate remedy existed where trial court ordered overly broad discovery). Intrusive discovery measures—such as ordering direct access to an opponent's electronic storage device—require, at a minimum, that the benefits of the discovery measure outweigh the burden imposed upon the discovered party. *See* TEX. R. CIV. P. 196.4, 192.4; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam).

## DISCUSSION

### I. Standard of Review

The ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (per curiam). The scope of discovery largely rests within the discretion of the trial court. *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex. 1985) (orig. proceeding). For that reason, in considering whether a trial court has clearly abused its discretion with regard to a discovery order, the reviewing court may not substitute its judgment for the judgment of the trial court. *See Walker*, 827 S.W.2d at 839–40. "Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *Id.* at 840. When a trial court exercising an otherwise discretionary authority has only one course to follow and one way to decide, however, the discretion vested in the court is for all practical purposes destroyed. *In re Goodyear Tire & Rubber Co.*, 437 S.W.3d 923, 927–28 (Tex. App.—Dallas 2014, orig. proceeding) (citing *Jones v. Strayhorn*, 321 S.W.2d 290, 295 (Tex. 1959)). Thus, when challenging matters ordinarily committed to the broad discretion of the trial court, a relator in a mandamus proceeding must establish that the trial court could reasonably have reached only one decision. *Walker*, 827 S.W.2d at 839–40.

## II. Electronic Discovery

When a specific request for electronic information has been lodged, Texas Rule of Civil Procedure 196.4 requires the responding party either to produce responsive electronic information that is reasonably available to the responding party or to object on grounds that the information cannot through reasonable efforts be retrieved or produced in the form requested. *See* TEX. R. CIV. P. 196.4. The Texas Supreme Court has delineated the proper procedure for electronic discovery under Texas Rule of Procedure 196.4. *See In re Weekley Homes, L.P.*, 295 S.W.3d 309, 317, 322 (Tex. 2009) (orig. proceeding). The court stressed the need for establishing protections for electronic discovery, explaining that "[p]roviding access to information by ordering examination of a party's electronic storage device is particularly intrusive and should be generally discouraged, just as permitting open access to a party's file cabinets for general perusal would be." *Id.* at 317.

The evidentiary requirements imposed by *Weekley Homes* on a party requesting direct access to an opponent's electronic device rest on the principle that if a court determines production of electronic data is warranted, as the trial court determined in this case, the least intrusive means of providing relevant, responsive information should be employed. *See id*. at 322. A party from whom discovery is sought is entitled to protection from an unreasonable invasion of personal, constitutional, or property rights. *In re VERP Inv., LLC*, 457 S.W.3d 255, 261 (Tex. App.—Dallas 2015, orig. proceeding). For that reason, courts considering requests

for direct access to electronic devices must "guard against undue intrusiveness." *Weekley Homes*, 295 S.W.3d at 316. While direct "access [to a party's electronic storage device] might be justified in some circumstances," the rules are "not meant to create a routine right of direct access." *Id.* (quoting FED. R. CIV. P. 34 advisory committee's note to the 2006 amendments). Thus, the evidentiary showing of default in compliance with discovery obligations required by *Weekley Homes* before direct access to an electronic device is permitted is a "threshold matter." *See id.* at 317.

Here, Methodist did not meet the burden of going forward with evidence. The procedural protections identified in *Weekley Homes* require that the requesting party show that the responding party has defaulted in its obligation to search its records and produce the requested data, that the responding party's production has been inadequate, and that a search of the opponent's electronic device could recover relevant materials. *Id. Weekley Homes* makes clear the required showing is an evidentiary showing. *VERP Inv.*, 457 S.W.3d at 262. Mere skepticism or bare allegations that the responding party has failed to comply with its discovery duties are not sufficient to warrant an order requiring direct access to an opposing party's electronic device. *Weekley Homes*, 295 S.W.3d at 318. While the mandamus record suggests Methodist may have been concerned about multiple creation dates, Methodist failed to make an evidentiary showing that the electronic files Cooley produced lacked metadata. Accordingly, Methodist failed to make the good-cause

showing necessary to justify the trial court's order.

The harm relator will suffer from being required to relinquish control of her cell phone for forensic inspection, and the harm that might result from revealing private conversations, and privileged or otherwise confidential communications, cannot be remedied on appeal. *See Walker*, 827 S.W.2d at 843 (noting that party will not have adequate remedy by appeal when trial court's order "imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party") (citing *Sears, Roebuck & Co. v. Ramirez*, 824 S.W.2d 558 (Tex. 1992) (orig. proceeding)). Accordingly, relator is entitled to mandamus relief.

## CONCLUSION

We conditionally grant the writ of mandamus and order the trial court to vacate the portion of its June 9, 2021 order requiring:

> Plaintiff and any other individual who took the alleged photographs shall make the device(s) used to take the photographs in question available for inspection to determine if metadata exists for the photographs. The inspection shall be carried out within 7 days of the date of the entry of this order and shall be conducted at the offices of counsel for Defendant.

We are confident that the trial court will comply with our order, and our writ will issue only if it does not. We lift the stay issued by this Court on June 16, 2021.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210445F.P05

–9–