**Conditionally Granted and Opinion Filed June 15, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00271-CV**

**IN RE MEADOWBROOK BAPTIST CHURCH, Relator**

**Original Proceeding from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-01593-E**

## MEMORANDUM OPINION

Before Justices Osborne, Partida-Kipness, and Smith
Opinion by Justice Partida-Kipness

In this original proceeding, relator Meadowbrook Baptist Church seeks a writ of mandamus directing the trial court to vacate its discovery order authorizing direct access to Meadowbrook's office computer for forensic inspection. We requested a response to the petition for writ of mandamus. No response was filed. After reviewing the petition and the record, we conclude Meadowbrook is entitled to the relief requested, and we conditionally grant the petition for writ of mandamus.

## BACKGROUND

The underlying personal injury lawsuit arises out of an incident in which real party in interest Cheryll Blalock was injured on Meadowbrook's premises. Blalock asserts that she suffered severe injuries and permanent disability when a set of

"murphy bed style" stairs crushed her after she undid a latch to what she believed was a door to an adjacent, baptismal room. After filing suit, Blalock served Meadowbrook with discovery requests. Meadowbrook served its initial disclosures and first amended disclosures, and its objections and responses to Blalock's first, second, and third requests for production, interrogatories, and requests for admission. When responding to the requests for production, Meadowbrook withheld only five documents: baptismal certificates of minors. Aside from those certificates, Meadowbrook searched for responsive documents and produced documents responsive to the requests for which it had documents in its possession. For the rest, Meadowbrook stated either that (1) the requested document does not exist, (2) after a diligent search, Meadowbrook has been unable to identify any documents responsive to the request, or (3) Meadowbrook is not in possession of documents responsive to the request. The documents Meadowbrook produced included meeting minutes responsive to Blalock's request for "meeting minutes and similar documents" in which the incident at issue or the baptismal pool stairs were discussed and baptismal certificates of adults from 2013.

On October 5, 2021, Blalock served "Plaintiff's Inspection and Entry into Property Request Pursuant to Texas Rules of Civil Procedure 196.7 and 196.4" (RFI), in which she sought direct access to Meadowbrook's "prior office computer" (the computer) for search and inspection by an unnamed forensic expert. Blalock requested that the search parameters include seven categories of documents:

- All documents, receipts, invoices, and contracts concerning or referencing the baptismal pool or baptismal chamber, including the side rooms;

- All baptismal certificates;

- All meeting minutes discussing or concerning the baptismal room, baptismal chamber or repairs and/or renovations to the same;

- All receipts, invoices, or contracts concerning installation or repairs made to the baptismal pool heater;

- All checks, receipts, or invoices concerning repairs or installation to the baptismal pool or baptismal rooms;

- All blueprints of the church; and

- All documents referencing or concerning raising or lowering the baptismal room stairs.

Blalock had not previously requested production of documents in three of those categories: baptismal certificates prior to 2013 and after the incident, all blueprints of the church, and documents regarding raising or lowering the baptismal room stairs. The remaining categories, however, were included in prior requests for production and responded to by Meadowbrook. In its previous responses to those requests, Meadowbrook produced meeting minutes responsive to Blalock's request for "meeting minutes and similar documents" in which the incident at issue or the baptismal pool stairs were discussed, as well as baptismal certificates of adults in 2013. As for the remaining categories, Meadowbrook responded that after "a diligent search" it had been unable to locate documents responsive to the requests.

On November 4, 2021, Meadowbrook responded to Blalock's RFI. In its response, Meadowbrook objected to the request to search the computer as duplicative of prior requests for production, overbroad, not reasonably limited in time and/or scope, and seeking discovery of irrelevant documentation. Meadowbrook further objected that discovery of the computer itself was an impermissible attempt to expand the scope of discovery allowed under Texas law. Specifically, Meadowbrook argued that Blalock had failed to follow the necessary procedures for electronic discovery set forth under *In re Weekley Homes, L.P.*, 295 S.W.3d 309 (Tex. 2009) (orig. proceeding), and *In re Shipman*, 540 S.W.3d 562 (Tex. 2018) (orig. proceeding) (per curiam). Subject to its objections and without waiving them, Meadowbrook noted its prior agreement to allow a search of the computer if an agreement was reached regarding the search terms and protocols to be utilized, and if the search was conducted pursuant to various specified conditions. One of those conditions was that the search be limited to seeking the following meeting minutes:

> [R]esponsive minutes of Congregational Meetings. Stewardship Committee Meetings, and/or Deacon's Meetings (such as those previously produced as MBC 000231, 000233, 000246) that may have previously been stored upon that computer and still be recoverable, upon an agreement being reached as to the search terms and search protocols to be utilized to seek whether such recoverable documentation may even exist upon the computer, . . .

On November 8, 2021, Blalock filed a motion to compel, seeking an order compelling direct access to the computer. Blalock insisted that Meadowbrook had

previously represented that the computer contained years of prior records that were allegedly deleted by a prior employee before Blalock's injury, and she complained that Meadowbrook had produced very little by way of production despite that representation. In response to Meadowbrook's objections based on *Weekley Homes* and *Shipman*, Blalock argued those cases were factually distinguishable from this case and, thus, inapplicable. Blalock also maintained that Meadowbrook's general boilerplate objections were insufficient, and that Meadowbrook waived any burdensome complaint because it had already agreed to an inspection.

In its response to the motion to compel, Meadowbrook explained that it had not agreed to submit to the inspection. Rather, Meadowbrook clarified that it remained willing to enter into an inspection agreement subject to its objections and to the terms and conditions set forth in its response to the RFI. Meadowbrook also insisted that *Weekley Homes* and *Shipman* controlled the dispute and required Blalock to make an evidentiary showing that Meadowbrook defaulted in its discovery obligations. Meadowbrook maintained the court should deny the motion to compel because Blalock had not met that threshold evidentiary showing. Blalock did not file a reply.

The trial court held a hearing on the motion to compel. According to the affidavit of Meadowbrook's counsel, the hearing was not transcribed, and no evidence of any kind or character was offered to or received by the trial court. On December 15, 2021, the trial court issued an order granting the motion to compel.

The trial court authorized access to and an inspection of the computer by Blalock's unidentified forensic computer expert. The court directed that the inspection would occur according to the protocol set forth in Meadowbrook's objections and responses to the RFI, but it did not limit the search to meeting minutes as requested by Meadowbrook. Rather, the search would encompass all of the topics and terms requested by Blalock. This original proceeding followed.[1]

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Mandamus relief is available when the trial court abuses its discretion and there is no adequate remedy by appeal. *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam).

The ultimate purpose of discovery is to seek the truth, so disputes may be decided by what the facts reveal, not by what facts are concealed. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (per curiam). The scope of discovery largely rests within the discretion of the trial court. *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex. 1985) (orig. proceeding). For that reason, in considering whether a trial court has clearly abused its discretion with

---

[1] This is the second original proceeding filed by Meadowbrook concerning the December 15, 2021 order. On January 31, 2022, this Court denied Meadowbrook's first mandamus petition on the grounds that the record was not properly sworn or certified pursuant to Texas Rule of Appellate Procedure 52 (Cause No. 05-22-00046-CV). Meadowbrook re-filed this petition after curing the Rule 52 deficiencies.

–6–

regard to a discovery order, the reviewing court may not substitute its judgment for the judgment of the trial court. *Walker*, 827 S.W.2d at 839–40. "Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *Id.* at 840. "When a trial judge exercising an otherwise discretionary authority has only one course to follow and one way to decide, however, the discretion vested in the court is for all practical purposes destroyed." *In re Goodyear Tire & Rubber Co.*, 437 S.W.3d 923, 927–28 (Tex. App.—Dallas 2014, orig. proceeding). Thus, when challenging matters ordinarily committed to the broad discretion of the trial court, a relator in a mandamus proceeding must establish that the trial court could reasonably have reached only one decision. *Walker*, 827 S.W.2d at 839–40.

"Mandamus relief is available when the trial court compels production beyond the permissible bounds of discovery." *Weekley Homes*, 295 S.W.3d at 322; *In re Arpin Am. Moving Sys., LLC*, 416 S.W.3d 927, 930 (Tex. App.—Dallas 2013, orig. proceeding) ("When a trial court orders discovery that exceeds that permitted by the rules of procedure, it abuses its discretion and the resisting party has no adequate remedy by appeal.") (citing *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam)). "Intrusive discovery measures—such as ordering direct access to an opponent's electronic storage device—require, at a minimum, that the benefits of the discovery measure outweigh the burden imposed upon the discovered party." *Weekley Homes*, 295 S.W.3d at 322 (citing TEX. R. CIV. P. 196.4, 192.4); *In*

–7–

*re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam).

## APPLICABLE LAW

When a specific request for electronic information has been lodged, Texas Rule of Civil Procedure 196.4 requires the responding party either to produce responsive electronic information that is reasonably available to the responding party or to object on grounds that the information cannot through reasonable efforts be retrieved or produced in the form requested. TEX. R. CIV. P. 196.4. The Texas Supreme Court has delineated the proper procedure for electronic discovery under rule 196.4. *See Weekley Homes*, 295 S.W.3d at 317, 322. "An order requiring direct access to an electronic device is burdensome because it is intrusive." *In re VERP Inv., LLC*, 457 S.W.3d 255, 261 (Tex. App.—Dallas 2015, orig. proceeding). "Providing access to information by ordering examination of a party's electronic storage device is particularly intrusive and should be generally discouraged, just as permitting open access to a party's file cabinets for general perusal would be." *Weekley Homes*, 295 S.W.3d at 317. Accordingly, "as a threshold to granting access to electronic devices, 'the requesting party must show that the responding party has somehow defaulted in its obligation to search its records and produce the requested data.'" *Shipman*, 540 S.W.3d at 567–68 (quoting *Weekley Homes*, 295 S.W.3d at

–8–

317). "But we do not rely on 'mere skepticism or bare allegations that the responding party has failed to comply with its discovery duties.'" *Id.* (quoting *Weekley Homes*, 295 S.W.3d at 318).

"The evidentiary requirements imposed by *In re Weekley Homes* on a party requesting direct access to an opponent's electronic device rest on the principle that if a court determines production of electronic data is warranted, as the trial court determined in this case, the least intrusive means of providing relevant, responsive information should be employed." *VERP Inv.*, 457 S.W.3d at 261. A party from whom discovery is sought is entitled to protection from an unreasonable invasion of personal, constitutional, or property rights. *In re Cooley*, No. 05-21-00445-CV, 2022 WL 304706, at *2–4 (Tex. App.—Dallas Feb. 2, 2022, orig. proceeding) (mem. op.) (citing *VERP Inv.*, 457 S.W.3d at 261). Courts considering requests for direct access to electronic devices, therefore, must "guard against undue intrusiveness." *Weekley Homes*, 295 S.W.3d at 316. While direct "access [to a party's electronic storage device] might be justified in some circumstances," the rules are "not meant to create a routine right of direct access." *Id.* at 317 (quoting FED. R. CIV. P. 34 advisory committee's notes to the 2006 amendments). Thus, the evidentiary showing of default in compliance with discovery obligations required by *Weekley Homes* before direct access to an electronic device is permitted is a "threshold matter." *See id.*

–9–

## DISCUSSION

Under *Weekley Homes* and its progeny, Blalock was required to make an evidentiary showing that Meadowbrook defaulted in its obligation to search its records and produce the requested data, that its production had been inadequate, and that a search of the computer could recover relevant materials. *See VERP Inv.*, 457 S.W.3d at 262. Under this record, we conclude Blalock did not meet her threshold burden of providing such evidence.

To begin, Blalock presented the trial court with no evidence that Meadowbrook defaulted in its discovery obligations. On the contrary, the mandamus record shows that Meadowbrook fulfilled its discovery obligations. Meadowbrook responded to Blalock's discovery requests and produced responsive documents in its possession. Where Meadowbrook found no responsive documents to a request, Meadowbrook confirmed that it diligently searched for responsive documents and found none. Indeed, the record shows that Meadowbrook withheld only five responsive documents, which were baptismal certificates of minors. Moreover, in its response and objections to the RFI, Meadowbrook presented a suggested protocol and parameters for searching the computer and stated that it would allow a search of the computer if an agreement could be reached with Blalock as to search terms and search protocols. Rather than negotiate such an agreement with Meadowbrook, however, Blalock filed her motion to compel. We conclude nothing in the record supports a conclusion that Meadowbrook defaulted in its discovery obligations or

that its production was inadequate. Blalock failed to meet her evidentiary burden of showing default here.

Similarly, Blalock presented no evidence that a search of the computer could recover relevant materials. She relied solely on her suspicions that a forensic expert would be able to recover additional relevant materials that may have been deleted from the computer prior to the incident in question. Mere skepticism or bare allegations that the responding party has failed to comply with its discovery duties are not sufficient to warrant an order requiring direct access to an opposing party's electronic device. *Weekley Homes*, 295 S.W.3d at 318. Under this record, we conclude Blalock failed to meet her threshold burden of proof to allow access to the computer. We, therefore, conclude that the trial court abused its discretion by granting the motion to compel.

The harm and burden Meadowbrook will suffer from being required to relinquish control of its computer for forensic inspection, and the harm that might result from revealing private conversations and privileged or otherwise confidential communications, cannot be remedied on appeal. *See Walker*, 827 S.W.2d at 843 (noting that party will not have adequate remedy by appeal when trial court's order "imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party") (citing *Sears, Roebuck & Co. v. Ramirez*, 824 S.W.2d 558 (Tex. 1992) (orig. proceeding)); *see also Arpin Am. Moving Sys.*, 416 S.W.3d at 930 (no adequate remedy by appeal when the discovery ordered exceeds

–11–

that permitted by the rules of procedure). Meadowbrook, therefore, lacks an adequate remedy by appeal.

## CONCLUSION

The trial court abused its discretion by granting Blalock's motion to compel, and Meadowbrook lacks an adequate remedy by appeal. Accordingly, we conclude Meadowbrook is entitled to mandamus relief. We conditionally grant the writ of mandamus and order the trial court to vacate its December 15, 2021 order granting the motion to compel. We are confident that the trial court will comply with our order, and our writ will issue only if it does not.

220271f.p05

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE